UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICK LORNE FARRELL,

    Plaintiff,

v.                                    Case No:  2:13-cv-140-FtM-29DNF

STATE OF FLORIDA REPUBLICANS,
RICK SCOTT, PAM BONDI, JOHN
STUMPF, BRIAN MOYNIHAN,
THOMAS MARANO, COUNTRYWIDE
HOME LOANS, COUNTRYWIDE
FINANCIAL, RICHARD J. JOHNSON,
JOSEPH R. TOMKINSON, WILLIAM
ERBEY, OCWEN LOAN SERVICING,
BANK OF AMERICA, IMPAC SECURED
ASSETS, IMPAC FUNDING CORP.,
GMACM, WELLS FARGO BANK, LEE
COUNTY SHERIFF, STATE ATTORNEY
and CIRCUIT JUDGES OF THE 20TH
CIRCUIT,

    Defendants.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      The Plaintiff, Patrick Lorne Farrell filed a Motion to Add Defendant and Cause of Action (Doc. 4) on June 11, 2013.  On February 27, 2013, the Plaintiff filed a Complaint for Fraud, Qui Tam, Quiet Title and Subsequent Damages. (Doc. 1).  In the Complaint, the Plaintiff alleges that the State of Florida Republicans "falsely arrested and maliciously prosecuted him . . . for 2 felonies, to 'make money' by a fraudulent PROBABLE CAUSE AFFIDAVIT, made by the Lee Co. Sheriff, who procured an Arrest Warrant, which caused the 20th Circuit STATE ATTONEY to fabricate a criminal charge, stealing $20,000 from Plaintiff, under color of law."  (Doc. 1, p. 1).  The Plaintiff continues with other allegations of mortgage fraud, and attacks against banks.

The Plaintiff claims he is a whistleblower and a *qui tam* relator. (Doc. 1, p. 5). The Plaintiff is now requesting that he be permitted to add a claim for intentional infliction of emotional distress against Judge Shera Winsett and the Lee County Sheriff's Office. The Plaintiff claims that when he went to argue a motion in state court before Judge Winesett he was intimidated by two Lee County Sheriff's employees who sat behind Plaintiff. The Plaintiff alleges that when he attempted to hand papers to Judge Winesett, a bailiff yelled at him to "sit down." The Plaintiff claims that this show of force was due to his whistleblower actions and that the sheriff was harassing him due to his prior cases.

     Federal Rule of Civil Procedure 15(a) that a party may amend its pleading within 21 days after service or 21 days after a motion is filed pursuant to FED. R. CIV. P. 12(b), (e), or (f). "in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The decision whether to permit an amendment is within the sound discretion of the court, however, the Supreme Court has held that the words "leave shall be freely given" must be heeded. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Consequently, the Court must find a justifiable reason in denying a request for leave to amend. Id. "[T]he Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile." *Taylor v. Florida State Fair Authority,* 875 F.Supp. 812 (M.D. Fla., 1995), citing Foman, 317 U.S. at 182.

     A denial of leave to amend is justified when the allegations in the amended complaint are subject to dismissal and the amendment would be futile. *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). The futility threshold is akin to that for a motion to dismiss;

thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied. *Herring v. Beasley*, 2005 WL 1475304, *2 (S.D. Ala. 2005), citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). Therefore, the proposed amendment to the Third Amended Complaint must be analyzed under the traditional 12(b)(b)(6) analysis to determine whether it is futile.

When the Court decides a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations in the Complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court must construe the allegations in the light most favorable to the plaintiff. *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. 1937, 1949 (2009), *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 546 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (citations omitted). The threshold to survive a motion to dismiss is exceedingly low, however, a plaintiff's obligation to provide the "grounds" of his entitlement to relief requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

In the instant case, the Plaintiff entitled his new claim "Intentional Infliction of Emotional Distress" and then alleges that he went to state court and was intimidated and harassed by Lee County Sheriff's deputies. He asserts that this intimidation resulted in "LEGAL ABUSE SYNDROME" which caused him to remove his cases to this Court. He requests as relief that the Court allow him to add this cause of action and that he receive damages in the amount of "$400,00 as per his UCC lien . . ." (Doc. 44, p.2).

Pursuant to Fed. R. Civ. P. 8, a pleading must contain,

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support:

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a)(1), (2), and (3). The Plaintiff failed to comply with FED. R. CIV. P. 8. He fails to state a cause of action against Shera Winesett and the Lee County Sheriff's Office upon which relief may be granted. Therefore, the Court finds that the Plaintiff's request to add a defendant and add a claim to be futile.

**IT IS RESPECTFULLY RECOMMEDED:**

That the Motion to Add Defendant and Cause of action (Doc. 44) be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 9th , 2013.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties