UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


PATRICK LORNE FARRELL,

                   Plaintiff,


vs.                       Case No.  2:13-cv-140-FtM-29DNF


STATE OF FLORIDA REPUBLICANS, RICK
SCOTT, Governor, PAM BONDI, Attorney
General, JOHN STUMPF, Wells Fargo
CEO, Brian Moynihan, BOA CEO, THOMAS
MARANO, GMACM CEO, COUNTRYWIDE HOME
LOANS,     COUNTRYWIDE     FINANCIAL,
RICHARD   J.   JOHNSON,   JOSEPH   R.
TOMKINSON, WILLIAM ERBEY, OCWEN CEO,
OCWEN   LOAN   SERVICING,   BANK   OF
AMERICA,   IMPAC   SECURED   ASSETS,
IMPAC FUNDING CORP., GMACM, WELLS
FARGO BANK, LEE COUNTY SHERIFF,
STATE   ATTORNEY,   20th   Circuit,
CIRCUIT JUDGES OF THE 20TH CIRCUIT,

                   Defendants.

_____


**OPINION AND ORDER**


    This matter comes before the Court on review of plaintiff's

*pro se* "Complaint for Fraud, Qui Tam, Quiet Title and Subsequent

Damages" (Doc. #1) filed on February 27, 2013.   Defendants Brian

Moynihan, Countrywide Home Loans, Inc., Countrywide Financial

Corporation (Countrywide collectively), and Bank of America, N.A.

(BOA or BANA) filed a Motion to Dismiss (Doc. #27); defendants

Ocwen Loan Servicing (Ocwen), IMPAC Secured Assets, IMPAC Funding

Corp. (IMPAC collectively), GMAC Mortgage, LLC (GMAC), and Wells

Fargo Bank (Wells Fargo) filed a Joint Motion to Dismiss (Doc. #28); defendant William Erbey filed a Motion to Dismiss (Doc. #29); and defendants Pam Bondi and Rick Scott's Motion to Dismiss (Doc. #59).

Also before the Court are defendants Pam Bondi and Rick Scott's Motion to Strike Doc. 51 (Doc. #54), Motion to Strike "Affidavit" (Doc. 60) (Doc. #61), Motion to Strike Doc. 62, as Scandalous, Pursuant to Fed. R. Civ. P. 12(F) (Doc. #66) and Motion to Strike Plaintiff's Reply to Response to Plaintiff's Motion for Summary Judgment (Doc. 70) (Doc. #71). Ocwen Loan Servicing, IMPAC Secured Assets, IMPAC Funding Corp., GMAC Mortgage, LLC, and Wells Fargo Bank also filed a Motion to Strike Doc. 72 as Scandalous Pursuant to Fed.R.Civ.P. 12(f) (Doc. #75).

Plaintiff's motions for summary judgment, to the extent included in various filings, are also addressed below.

## I.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above

the speculative level." Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted). Due to plaintiff's *pro se* status, the Court liberally construes the allegations.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

The Court finds that the Complaint fails to comply with Rule 8(a)(2) by providing a short, plain statement as to the claim showing entitlement to relief, and Rule 9(b) as to some claims that require pleading with particularity.  Therefore the motions to dismiss will be granted and the Complaint dismissed with leave to amend, if plaintiff is able to do so.

**II.**

Plaintiff filed a 515 paragraph long pleading against a variety of unrelated defendants alleging various unrelated claims for relief.  Plaintiff jumbles together past events, and other cases pending in state court or previously dismissed in state or federal court, along with present claims.  Starting in paragraph 112, plaintiff discusses "current state cases to be enjoined", and in paragraph 139, plaintiff starts "Part 2-Complaint for Mortgage Fraud, Qui Tam, Quiet Title" but proceeds to discuss past filings and other cases in state court and bankruptcy court not before this Court, and does so for several paragraphs.

In paragraph 280, plaintiff appears to allege material and false representations causing damages due to plaintiff's reliance. It is unclear if the representations include those made in the other cases, or if the allegations are directed to the representations made in conjunction with a closing in this case. Plaintiff alleges a failure to provide disclosures prior to closing as required under the Truth in Lending Act and the Real Estate Settlement Procedures Act, and therefore the fraudulent inducement of plaintiff into signing the closing documents for an inflated amount. (Doc. #1-1, ¶¶ 281, 282.)  Plaintiff seeks to rescind or cancel the residential mortgage transaction, cancel the Note and Mortgage, that plaintiff be granted title to the property free and clear, triple damages, fees and costs, and an injunction permanently enjoining any further foreclosure proceedings. (Doc. #1-2, ¶¶ 295-303.)  These allegations are generally stated and appear to summarize the relief sought in some of the actual counts. The first six counts are unnumbered and unidentified, and the remaining counts are numbered.  Liberally construing the pleadings based on plaintiff's *pro se* status, the Court has identified the first six counts below and summarized all counts.

In unnumbered Count One, plaintiff seeks judgment against the State of Florida for $5 million for having endured 5 years of malicious prosecution for felonies, based upon a fraudulent Affidavit.   (Doc. #1-2, ¶¶ 305-07.)   It is unclear what

-4-

relationship these allegations have to the mortgage and foreclosure allegations, but the Court will treat these paragraphs as a claim for malicious prosecution.

In unnumbered Count Two, plaintiff alleges trespass by GMAC, Wells Fargo, and the State of Florida because foreclosure proceedings were initiated without charges and without due process. Plaintiff demands title to the home and for all liens and encumbrances on the property to be voided. (Id., ¶¶ 308-312.)

In unnumbered Count Three, plaintiff alleges a breach of contract by the State of Florida of Article Six of the United States Constitution by committing acts of fraud against plaintiff since 1993. Plaintiff seeks $20 million and nullification of any liens on his property. (Id., ¶¶ 313-318.)

In unnumbered Count Four, plaintiff alleges civil rights violations by the State of Florida, GMAC, Wells Fargo, Bank of America, and Ocwen for conduct or actions in previously filed cases in state court. There are no clear factual allegations in support but plaintiff seeks over $1 million in damages. (Id., ¶¶ 319-331.)

In unnumbered Count Five, plaintiff alleges copyright infringement by GMAC, Wells Fargo, and Ocwen Loan by using his "NAME-TITLE" after plaintiff filed a Common Law Copyright Agreement in 2008 with the state court. Plaintiff seeks $10 million and the cost of litigation since 2008. (Id., ¶¶ 332-340.)

In unnumbered Count Six, plaintiff alleges fraud against the State of Florida.  Plaintiff complained about mortgage fraud issues in 2008, as detailed in his 2007 state case, to the Attorney General.  In response, he was provided forms to show his damages, and plaintiff did so by providing receipts totaling $45,000.  The State of Florida received a judgment as part of a collective action suit against Countrywide, but plaintiff did not receive his portion of the judgment despite sending a notice and demand.  (Id., ¶¶ 341-352.)

"Count 7" is brought under the Home Ownership Equity Protection Act against GMAC, Wells Fargo, Bank of America, and IMPAC.  Plaintiff alleges violations of the Act, including failing to make correct disclosures on the HUD-1, engaging in a pattern and practice of extending credit to plaintiff without regard to his ability to repay, and imposing illegal fees.  Plaintiff seeks to rescind his mortgage loans and take title to the subject property. (Id., ¶¶ 353-367.)

"Count 8" is brought against GMAC, Wells Fargo, BOA, and IMPAC and simply provides that defendants are subject to RESPA, and as a result of their violations are liable for 3 times the amount of charges paid for "settlement services."  (Id., ¶¶ 368-369.)

"Count 9" is brought under the federal Truth-In-Lending Act (TILA) against defendants GMAC, Wells Fargo, BOA, and IMPAC. Plaintiff alleges that defendants failed to include and disclose

certain charges on the TILA statement and he therefore has the right to rescind the transaction.  (Id., ¶¶ 370-374.)

"Count 10" alleges a violation of the federal Fair Credit Reporting Act by GMAC, Wells Fargo, BOA, and IMPAC for their wrongful and negative reporting to credit agencies resulting in negative reports and a lower FICO score.  Plaintiff seeks actual and punitive damages.  (Id., ¶¶ 375-382.)

"Count 11" alleges that defendants GMAC, Wells Fargo, BOA, and IMPAC violated Florida's Deceptive and Unfair and Trade Practices Act by taking advantage of plaintiff's inability to understand the transactions due to defendants' failure to disclose material information and misrepresentation of the terms of the transaction, charging plaintiff an excessive price for services, and rendering services knowing there was no reasonable probability of repayment.  Plaintiff seeks three times actual damages and injunctive relief.  (Id., ¶¶ 383-387.)

"Count 12" alleges "mortgage fraud" by "all named defendants" because plaintiff was fraudulently induced into signing a mortgage loan that was unconscionable and defendants concealed the theft of plaintiff's $18,000 deposit.  Plaintiff alleges that defendants' intentional concealment and material misrepresentations were made with knowledge and made with reckless disregard to plaintiff's rights.

"Count 13" provides that defendants IMPAC Funding and BOA knowingly and intentionally concealed material information before, at, and after the closing, and materially misrepresented material information to plaintiff's detriment in executing mortgage loan documents.  (Id., ¶¶ 393-397.)  The Court will assume this is a fraudulent misrepresentation claim.

"Count 14" alleges a breach of fiduciary duty by GMAC, Wells Fargo, BOA, and IMPAC.  Plaintiff alleges that defendants were fiduciaries because they contracted to provide mortgage loan services, and they breached their duties to plaintiff by fraudulently inducing plaintiff into a mortgage transaction. Within the count, plaintiff also alleges that GMAC demanded more for insurance and then admitted the error in May 2009.  (Id., ¶¶ 398-402.)

"Count 15" provides that defendants GMAC, Wells Fargo, BOA, and IMPAC had an implied contract with plaintiff to ensure that he understood all fees that would be paid, and that defendants were unjustly enriched by charging a higher principal and increased interest rate at the time of closing.  (Id., ¶¶ 403-406.)  Within the same count, plaintiff goes on to allege that the unjust enrichment is subject to enforcement by the U.S. Treasury based on the pooling of mortgages and notes, and that "the bank" has $9.1 million based on plaintiff's signature, which has a value of $1 million based on the registration of his birth certificate with the

Department of Commerce.  Plaintiff alleges that defendants have been unjustly enriched by the $9.1 million.  Plaintiff further alleges that a default occurred when GMAC increased plaintiff's insurance payment.  (Id., ¶¶ 407-423.)

"Count 16" is a civil RICO claim against all defendants and alleges a conspiracy from July 2004 to the present with each defendant being an "enterprise Defendant" with the aim and objective to defraud plaintiff.  (Id., ¶¶ 424-427.)

"Count 17" alleges fraud against GMACM LLC, which may be the same entity as the previously referenced GMAC or at least a related entity, for requiring an additional $7,128 more to be placed in escrow for forced placed insurance.  Plaintiff alleges that "Defendants" are liable in an amount equal to 3 times the amount of $7,128 in extra charges paid.  (Id., ¶¶ 428-433.)

"Count 18" alleges violations of TILA and RESPA against defendants GMAC, Wells Fargo, BOA, Impac Funding, and IMPAC Secured and appears to combine the sparse allegations in Counts 7 and 8 into this one count.  Plaintiff alleges defendants failed to disclose the true loan amount, and the difference between the actual cost, and the inflated amount of the note is due to defendants' converting the difference for their own purpose and the inflated payments are the "core of this controversy."  Plaintiff alleges that he timely rescinded the transaction, provided notice,

and equitable tolling applies to extend the period of rescission actions.  (Id., ¶¶ 434-468.)

"Count 19" is brought under the False Claims Act "for T.A.R.P. and Securities Fraud" against defendants GMAC, Wells Fargo, BOA, and IMPAC.  Plaintiff asserts that his filing of a *qui tam* action against defendants in 2009, and also in later years, resulted in the government obtaining millions because the Federal Reserve and the United States, separately, sued defendants and obtained an agreement or otherwise recovered $25 billion in damages, payable to plaintiff.  Plaintiff asserts that the "only issue left" is for plaintiff to recover his portion of the damages.  Plaintiff, as a "*qui tam* relator" seeks to recover all damages and civil penalties on behalf of the United States.  (Id., ¶¶ 469-495.)

### III.

**A.  All Defendants:**

The only Counts that apply to all defendants and do not specifically identify a defendant are Counts 12 and 16.  Therefore, these are the only counts that could pertain to Mr. Moynihan, Mr. Erbey, Countrywide, Bondi, and Scott.  Neither Count identifies any specific actions by any specific defendant, and the only reference to defendants Moynihan, Erbey, Countrywide, Bondi, and Scott appears to be in the caption of the case itself.

Count 12 alleges mortgage fraud but is not pled with any particularity pursuant to Fed. R. Civ. P. 9(b), and impermissibly

lumps defendants together without stating what a specific defendant did in furtherance of the fraud, <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001).  "Particularity means that a plaintiff must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." <u>United States ex rel. Atkins v. McInteer</u>, 470 F.3d 1350, 1357 (11th Cir. 2006)(internal quotation marks and citation omitted)(alteration in original).  Therefore, Count 12 fails to state a plausible claim and will be dismissed as to all defendants.

Count 16 alleges a conspiracy under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), however plaintiff fails to allege or identify any predicate acts, <u>see</u> 18 U.S.C. § 1961(1), that constitute the "pattern of racketeering activity", <u>see</u> 18 U.S.C. §§ 1961(5), 1962(d).  The motions to dismiss will be granted as to Count 16, and Count 16 dismissed as to all defendants.

**B.  Ocwen, IMPAC[1], GMAC, and Wells Fargo:**

These defendants "note that Plaintiff has thus far failed to properly serve the Moving Parties pursuant to the requirements of Federal Rule of Civil Procedure 4." (Doc. #28, p. 2 n.1.) Defendants only seek dismissal because the Complaint is a shotgun

---

[1]This includes IMPAC Secured Assets and IMPAC Funding Corp. who are both named as defendants.

pleading and because the matter should be handled in state court where litigation is currently pending.  There is no argument in the motion to support a claim of failure to serve process and therefore defendants are deemed to have waived this argument.  Fed. R. Civ. P. 12(h)(1).  Plaintiff will only be required to serve further pleadings on these defendants pursuant to Fed. R. Civ. P. 5, as formal service is deemed waived.

As to the arguments presented, the Court agrees that the Complaint is a shotgun pleading that fails to comply with Fed. R. Civ. P. 8, as further detailed below as to Bank of America.[2]  As it is not clear what counts will remain at issue and whether they are precluded by state court litigation, the motion to dismiss will be denied on this basis.

## C.  Bank of America, N.A.:

This defendant is named in Counts 4, 7 through 16, 18, and 19.  Counts 12 and 16 are addressed above and the motion is granted as to these counts.  The motion is also due to be granted as to the other counts for the reasons stated below.

Count 4 alleges a violation of plaintiff's civil rights without any factual support.  Although the bank is federally insured, plaintiff has not pled that Bank of America is a governmental actor subject to 42 U.S.C. § 1983.  See San Fran. Arts

---

[2]Some or all of these defendants are named in Counts 2, 4, 5, 7-19.

& Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 542 (1987)(the fundamental inquiry is whether there is a "governmental actor to whom the prohibitions of the Constitution apply.")

Count 7 alleges a claim under the Home Ownership and Equity Protection Act of 1994 (HOEPA).  This Act was passed as an amendment to the Truth and Lending Act (TILA).  HOEPA requires certain disclosures, 15 U.S.C. § 1639(a), and addresses qualifying "high-cost mortgages" 15 U.S.C. § 1602(b)(b).  There are no factual allegations made to support a claim that HOEPA applies to plaintiff's mortgage therefore plaintiff has failed to state a plausible claim under HOEPA as to any of the named defendants.  Additionally, the attached Mortgage (Doc. #27-1), specifically referenced and incorporated by the Complaint, reflects that the claim under HOEPA, as well as the claims under TILA in Counts 9 and 18 may be barred by the applicable statutes of limitation.  15 U.S.C. §§ 1635(f), 1640(e).

Count 8 is brought under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et. seq.*  The claim fails to assert any facts in support and therefore fails to state a claim as to how Bank of America, or any of the other defendants, violated RESPA.

Count 9 is brought under TILA and plaintiff seeks to rescind the mortgage transaction for the failure to disclose certain charges on the settlement statement.  As previously stated, if the mortgage at issue is the 2005 transaction, the claim appears to be

-13-

time-barred for purposes of receiving a rescission.   Further, plaintiff fails to state a claim against defendants because it is unclear whether it is the same 2005 mortgage at issue for all defendants or if separate transactions are at issue.  The motion to dismiss will be granted as to this count.

Count 10 seeks relief under the Fair Credit Reporting Act (FCRA) because defendants provided incorrect information to credit reporting agencies thereby negatively impacting plaintiff's credit rating.   The FCRA prohibits "furnishers of information" from reporting "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."   15 U.S.C. § 1681s-2(a)(1)(A).   The FCRA does not however "provide a private right of action to redress such a violation".  Green v. RBS Nat'l Bank, 288 F. App'x 641, 642 (11th Cir. 2008).   If a financial institution furnishes negative information to a credit reporting agency regarding a customer, notice must be provided to the customer in writing.  15 U.S.C. § 1681s-2(a)(7)(A)(i).  If after receiving notice of a dispute with regard to the accuracy of any information provided to a credit reporting agency, a furnisher of information has certain duties subject to a private cause of action.  15 U.S.C. § 16810s-2(b).  Plaintiff does not allege that he lodged a dispute with a credit reporting agency that was not investigated.  Therefore, the motion to dismiss will be granted.

Count 11 is brought under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, *et. seq.* The FDUTPA specifically does not apply to banks regulated by federal agencies such as Bank of America.  Fla. Stat. 501.212(4)(c).  Further, plaintiff does not allege that Bank of America falls outside the exclusion.  Therefore, the claim will be dismissed.

Count 13 is a claim of fraudulent misrepresentation. As currently stated, plaintiff fails to meet the heightened requirements under Fed. R. Civ. P. 9(b) to "state with particularity the circumstances constituting fraud or mistake." Therefore the motion to dismiss will be granted for failure to state a claim.

Count 14 asserts a breach of fiduciary duty by Bank of America by virtue of its role as the mortgage provider.  If based on this relationship, the claim must fail.  "Generally, the relationship between a bank and its borrower is that of creditor to debtor, in which parties engage in arms-length transactions, and the bank owes no fiduciary responsibilities." Capital Bank v. MVB, Inc., 644 So. 2d 515, 518 (Fla. 3d DCA 1994)(citations omitted).  A fiduciary relationship may exist if plaintiff can show that an established relationship where the bank knows the customer "is placing his trust and confidence in the bank and is relying on the bank so to counsel and inform him." Id. at 519.  Plaintiff has made no such allegations in this case.  The motion to dismiss will be granted.

Count 15 claims unjust enrichment by Bank of America and other lenders, collectively, based on an "implied contract" to ensure that plaintiff understood all the fees.   To the extent that plaintiff is asserting a quasi-contract theory of recovery, there is an express contract, i.e., the Mortgage and Note, and therefore plaintiff cannot assert such a theory as a basis for recovery.   See Moynet v. Courtois, 8 So. 3d 377, 379 (Fla. 3d DCA 2009)(claims arising out of a contractual relationship will not support a claim of unjust enrichment).   Additionally, plaintiff has not alleged what the interest rate was, whether it was stated in the contract, or whether the interest rate was usurious.   The motion to dismiss will be denied.

Count 18 will be dismissed for the same reasons stated above with regard to Counts 7, 8 and 9.   The Court notes that plaintiff states additional relevant facts in this count that are an attempt to assert that equitable tolling applies to his case.   Plaintiff may be able to properly assert a claim under TILA or RESPA if provided an opportunity to amend, and if the claims are stated separately.   As currently alleged, the combined claims in Count 18 are redundant of Counts 8 and 9.

Count 19 is brought under the False Claims Act (FCA) and plaintiff asserts that he is entitled to a portion of damages from litigation initiated by the United States based on his report of the banks' misdeeds.   This action was not brought against

defendants as a *qui tam* action and plaintiff makes no specific allegations against defendants in this case.  To the extent that plaintiff seeks payment as a realtor under 31 U.S.C. § 3730(d), such a request is not appropriately made in this case against Bank of America.  The motion to dismiss will be granted.

**D.  Pam Bondi and Rick Scott:**

These defendants have filed a motion to dismiss for failure to state a claim but state that by doing so, they do not "waive defenses of any jurisdictional defect, insufficiency of process or lack of service of process." (Doc. #59, p. 1.)  As no argument is provided in support as to why process was insufficient or lacking, the Court will deem this argument to be waived.  Therefore, plaintiff will only be required to serve further pleadings on these defendants pursuant to Fed. R. Civ. P. 5 because formal service is deemed waived.

There are several counts that reference the "State of Florida", however none of the counts specifically name Pam Bondi or Rick Scott, who are only identified in the caption and are otherwise defendants in Counts 12 and 16.  To that extent, the motion to dismiss will be granted.

Defendants do not purport to represent the "State of Florida", as named in Counts 1, 2, 3, 4, and 6, and the State of Florida is not listed as a defendant in the caption of the case.  Therefore, the allegations as to the State of Florida will not be addressed.

**IV.**

Defendants Pam Bondi and Rick Scott have moved to strike various documents pursuant to Fed. R. Civ. P. 7 and 12(f). (Docs. ## 54, 61, 66, 71.) Defendants Ocwen, IMPAC, GMAC, and Wells Fargo have also moved to strike, specifically  pursuant to Rule 12(f) and Local Rule 3.01(c). (Doc. #75.) Under Rule 12(f), "[t]he court may strike from a **pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(emphasis added). The documents defendants seek to strike do not constitute pleadings, see Fed. R. Civ. P. 7, therefore the motion will be denied under Rule 12(f). Local Rule 3.01(c) provides that "[n]o party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave." M.D. Fla. R. 3.01(c).

The Court finds that Local Rule 3.01(c) does apply as a basis to strike documents filed by plaintiff that are frivolous, not filed in support of any motion, immaterial to any pleading or motion currently pending, or that fail to advance any aspect of litigation in this case as more specifically explained below. The motions will be granted as to some of the documents, denied as to those documents that may be deemed responses, and the Court will strike other documents *sua sponte*. The Court declines to award any fees or costs at this stage of the proceedings.

**A.  Plaintiff's Affidavit "Notice to Principal is Notice to Agent is Notice to Principal (Doc. #51):**

The first two pages appear to be a notice demanding summary judgment in plaintiff's favor if defendants do not make a "point by point rebuttal" to the attached 65 pages of citations and disjointed paragraphs addressing tax liabilities.  The Affidavit contains no argument or relationship to the pleadings in this case.  Therefore, the Motion to Strike (Doc. #54) will be **granted** and the document will be **stricken.**

**B.  Plaintiff's Notice of Defendants Continued Fraud, In Violation of Federal Reserve Board Consent Orders and D.O.J. Lawsuit (Doc. #58):**

The document moves for sanctions but it appears to be in response to Ocwen's motion to dismiss.  Therefore, the Court will not strike the document.

**C.  Plaintiff's Affidavit and Demand for Removal of Liens By Lee County (Doc. #60):**

This document seeks to eliminate liens as fraudulent and null and void.  Plaintiff discusses his contract with Busey Bank to build a home and the sale of his mortgage in a bundle by Pinnacle Financial.  Plaintiff further states that the two stole $18,000 from him.  The request for relief and the allegations have no bearing on the allegations made in the Complaint, Busey Bank and Pinnacle Financial are not defendants in this case, and the document serves no purpose in furthering litigation in this case.

The Motion to Strike (Doc. #61) will be **granted** and the document will be **stricken**.

**D.  Plaintiff's Response to State of Florida, Notice of Fraud Upon the Court, Motion for Summary Judgment (Doc. #62):**

The document is a response presumably to Pam Bondi and Rick Scott's motion to dismiss.  The document calls counsel "a despicable liar" and "lying demon blathers", an "idiot", a "LIAR", and otherwise responds that Pam Bondi and Rick Scott are "human underlings" being sued as humans because the State of Florida is a voiceless corporation.  Although the document is degrading, it is a response and will remain as filed.  To the extent it was construed as a motion for summary judgment or as containing a request for summary judgment, such a request is premature and denied.  The Motion to Strike (Doc. #66) will be **denied,** however plaintiff is cautioned that the continued use of insults will result in the striking of his filings with leave to re-file an appropriate response without the language.

**E.  Plaintiff's Affidavit and Demand for Removal of Liens by Lee County (Doc. #64):**

This document duplicates the same arguments set forth in Document #60, and will be **stricken** for the same reasons, *sua sponte*.

**F.  Plaintiff's Demand for Judicial Notice of Fraudulent "Standard of Summary Judgment" and U.C.C.-1 Financing Statements (Doc. #65):**

Plaintiff states that his sovereignty documentation was recorded with Lee County for payment as a first in line lien holder, and all other liens should be voided.  As the Complaint fails to state a claim in favor of plaintiff and the document fails to support an argument for summary judgment, and plaintiff is seeking a summary decision in his favor and not for the Court to take judicial notice, the document will be *sua sponte* **stricken**.

**G.  Plaintiff's Argument That Summary Judgment Should be Granted in This Case (Doc. #70):**

The document appears to be a motion for partial summary judgment in plaintiff's favor removing all liens from property based on past litigation.  As the other cases are not at issue here, the motion will be denied.  Further, the motion is not appropriate at this stage of the proceedings as plaintiff's Complaint requires amendment.  The Court will deny the Motion to Strike (Doc. #71) and not strike the document, and will deny the construed motion for summary judgment.

**H.  Plaintiff's Response to Defendants Response to Motion for Summary Judgment (Doc. #72):**

The document appears to be a reply in support of plaintiff's Response to State of Florida, Notice of Fraud Upon the Court, Motion for Summary Judgment (Doc. #62) and also contains insults against counsel.  The document was not filed with leave of Court.

-21-

The Motion to Strike (Doc. #75) will be **granted** and the document **stricken**.

I.   **Plaintiff's Demand for Judicial Notice (Doc. #73):**

This document appears to be a reiteration of past filed cases and plaintiff's opinion.   As there is no request for judicial notice contained therein and no appropriate relief sought, the document will be **stricken**, *sua sponte.*

Many of the filings, including the Complaint, contain expletives and derogatory remarks that do not serve to support any allegations or further plaintiff's case.   Plaintiff is cautioned that any further filings should refrain from any unnecessary use of profanities or risk being stricken from the record.

**V.**

The Court notes that defendants "State of Florida Republicans", John Stumpf, Thomas Marano, Richard J. Johnson, Joseph R. Tomkinson, the Lee County Sheriff, State Attorney, and "Circuit Judges of the 20th Circuit" have not filed an appearance in this case.   Further, the docket does not reflect that plaintiff executed service on these defendants.   Under Federal Rule of Civil Procedure 4(m), the Court "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause

for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). As there is no indication that service of process was executed in a timely manner under Fed. R. Civ. P. 4(m), these defendants will be dismissed without prejudice and the time to execute service of process extended to allow for service of the Amended Complaint on these defendants pursuant to Fed. R. Civ. P. 4.

Accordingly, it is now

**ORDERED:**

1. Defendants Brian Moynihan, Countrywide Home Loans, Inc., Countrywide Financial Corporation, and Bank of America, N.A.'s Motion to Dismiss (Doc. #27) is **GRANTED** and the Complaint is dismissed without prejudice.

2. Defendants Ocwen Loan Servicing, IMPAC Secured Assets, IMPAC Funding Corp., GMAC Mortgage, LLC, and Wells Fargo Bank's Joint Motion to Dismiss (Doc. #28) is **GRANTED** and the Complaint is dismissed without prejudice.

3. Defendant William Erbey filed a Motion to Dismiss (Doc. #29) is **GRANTED** and the Complaint is dismissed without prejudice.

4. Defendants Pam Bondi and Rick Scott's Motion to Dismiss (Doc. #59) is **GRANTED** and the Complaint is dismissed without prejudice.

5. The Complaint for Fraud, Qui Tam, Quiet Title and Subsequent Damages (Doc. #1) is **dismissed without prejudice** to

filing an Amended Complaint within **THIRTY (30) DAYS** of this Opinion and Order, subject to the guidelines outlined above.

6.  Plaintiff is **GRANTED** an additional **THIRTY (30) DAYS** thereafter to execute service of process pursuant to Fed. R. Civ. P. 4 on the unserved defendants who are not deemed to have waived formal service of process.

7.  Defendants Pam Bondi and Rick Scott's Motions to Strike (Docs. ## 54, 61, 66, 71) are **GRANTED IN PART AND DENIED IN PART.** Document 54 and 61 are granted and documents 66 and 71 are denied.

8.  Defendants Ocwen, IMPAC, GMAC, and Wells Fargo's Motion to Strike (Doc. #75) is **GRANTED.**

9.  The following documents are stricken and the Clerk shall make a notation on the docket that they are stricken pursuant to this Opinion and Order:

i.  Plaintiff's Affidavit "Notice to Principal is Notice to Agent is Notice to Principal (Doc. #51);

ii.  Plaintiff's Affidavit and Demand for Removal of Liens By Lee County (Doc. #60);

iii. Plaintiff's Affidavit and Demand for Removal of Liens by Lee County (Doc. #64);

iv.  Plaintiff's Demand for Judicial Notice of Fraudulent "Standard of Summary Judgment" and U.C.C.-1 Financing Statements (Doc. #65);

v.   Plaintiff's Response to Defendants Response to Motion for Summary Judgment (Doc. #72); and

vi.  Plaintiff's Demand for Judicial Notice (Doc. #73).

10.  Plaintiff's Argument That Summary Judgment Should be Granted in This Case (Doc. #70), construed as a motion for summary judgment, is **DENIED**.

11.  Plaintiff's Response to State of Florida, Notice of Fraud Upon the Court, Motion for Summary Judgment (Doc. #62), to the extent construed to contain a motion for summary judgment, is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of October, 2013.


_____
JOHN E. STEELE
United States District Judge



Copies:
Plaintiff
Counsel of record

-25-