UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICK LORNE FARRELL,

    Plaintiff,

v.                                                      Case No:  2:13-cv-140-FtM-29DNF

STATE OF FLORIDA, GMAC
MORTGAGE WELLS FARGO BANK
N.A., BANK OF AMERICA, OCWEN
LOAN SERVICING, IMPAC FUNDING
CORP.,

    Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on *pro se* plaintiff Patrick Lorne Farrell's ("Plaintiff") Motion to Amend and Add Cause Against Ocwen (Doc. 91) filed on December 31, 2013.  Ocwen Loan Serving ("Defendant") filed a Response in Opposition to Plaintiff's Motion to Amend and Add Causes Against Ocwen (Doc. 92) on January 14, 2014.  For the reasons explained below, the Court recommends that Plaintiff's motion be **DENIED**.

    Plaintiff is seeking to amend his complaint to add two counts against Defendant and an individual, Bradley Arant, whom Plaintiff alleges is Defendant's counsel.  The first count Plaintiff seeks to add is a claim against Defendant for copyright infringement.  Plaintiff alleges that he holds the copyright to his name, Patrick Lorne Farrell, and that Defendant violated this copyright by writing his name on documents.  The second count is a claim against Bradley Arant for identity theft, and seeks damages of $1,000,000 plus costs and fees.

Federal Rule of Civil 15(a)(2) provides that the Court should "freely give leave" to amend a complaint "when justice so requires." Although the decision whether to permit an amendment is within the sound discretion of the court, the Supreme Court has held that the words "leave shall be freely given" must be heeded. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Consequently, the Court must find a justifiable reason in denying a request for leave to amend. *Id*. "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman,* 371 U.S. at 182). "A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss." *Christman v. Walsh,* 416 F.App'x 841, 844 (11th Cir. 2011). "Although the Court has broad discretion to grant or deny pleading amendments under the *Foman* standards, that discretion is not unfettered." *Lee v. Security Check, LLC,* 2009 WL 2044687, at *1 (M.D. Fla. July 10, 2009). The Eleventh Circuit has stated that "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* (quoting *Burger King v. Weaver,* 169 F.3d 1310, 1319 (11th Cir. 1999).

In this case, the Court finds that there substantial reason to deny Plaintiff's request to amend his complaint. First, Plaintiff's copyright claim is premised solely on the grounds that Defendant has violated Plaintiff's copyright interest by using Plaintiff's name. Such a claim has no legal basis. *See Stubbs v. U.S.,* 2008 WL 482734, at *3 (N.D. Fla. Feb. 18, 2008). Copyright protection only extends to original works of authorship including (1) literary works; (2) musical

works, including any accompanying words; (3) dramatic works, including any accompanying music; (4) pantomimes and choreographic works; (5) pictorial, graphic, and sculptural works; (6) motion pictures and other audiovisual works; (7) sound recordings; and (8) architectural works. 17 U.S.C. § 102. Thus, as this claim would not survive a motion to dismiss the Court finds it futile.

The Court finds that Plaintiff's identity theft claim is futile as well. Although Plaintiff alleges that Bradley Arant is liable for identity theft, Plaintiff has failed to allege any elements that state a plausible claim for identity theft. In order to survive a motion to dismiss, a claim must contain specific factual allegations that raise a right to relief above the speculative level. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiff's claim for identity theft fails to satisfy this standard. As both of Plaintiff's proposed claims are futile, the Court recommends that Plaintiff's Motion to Amend and Add Causes Against Ocwen be denied.

Finally, the Court notes that Plaintiff filed a Response to Ocwen's Response in Opposition to Plaintiff's Motion to Amend with Attachments (Doc. 93) on January 23, 2014. Local Rule 3.01(c) specifies that no party shall file any reply unless the Court grants leave. In this case, Plaintiff filed his response without first being granted leave of Court. For this reason, the Court recommends that the Clerk strike this filing from the docket.

**IT IS RESPECTFULLY RECOMMENDED THAT:**

1) Plaintiff's Motion to Amend and Add Cause Against Ocwen (Doc. 91) be **DENIED**.

2) The Clerk be directed to strike Plaintiff's Response to Ocwen's Response in Opposition to Plaintiff's Motion to Amend with Attachments (Doc. 93) from the docket.

**Respectfully recommended** in Chambers in Fort Myers, Florida on January 24, 2014.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties