```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

PATRICK LORNE FARRELL,

    Plaintiff,

v.                                  Case No: 2:13-cv-140-FtM-29DNF

GMAC MORTGAGE, STATE OF FLORIDA, WELLS FARGO BANK N.A., BANK OF AMERICA, OCWEN LOAN SERVICING,

    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendants Bank of America, N.A. and Countrywide Home Loans, Inc.'s Motion to Dismiss (Doc. #83); Ocwen Loan Servicing, IMPAC Funding Corp., GMAC Mortgage, LLC and Wells Fargo Bank, N.A.'s Joint Motion to Dismiss (Doc. #84)[1]; Ocwen Loan Servicing, IMPAC Funding Corp., and Wells Fargo Bank, N.A.'s Amended Joint Motion to Dismiss (Doc. #85); and defendant, the State of Florida's, Corrected Motion to Dismiss (Doc. #103).  Plaintiff filed a "Response to Defendants Motion is a Motion for Summary Judgment With Attachment of Appointment" (Doc. #87) and "Notice of Filing of USDC Judge John

---

[1] This motion was amended to clarify that GMAC Mortgage, LLC did not join the motion because it is currently under bankruptcy protection.  (Doc. #85, n.1.)  The first motion will be denied as moot in light of the amended filing.

McConnell Order and Stipulation to Plaintiff $400,000 Claim in GMAC Bankruptcy Case 12-12020" (Doc. #90).

## A. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**B. Factual Allegations**

On October 21, 2013, plaintiff filed his 1st Amended Complaint (Doc. #81) pursuant to the Court's October 1, 2013, Opinion and Order (Doc. #79) granting leave to file an Amended Complaint subject to the guidelines provided in the Opinion and Order. The 1st Amended Complaint sets forth 9 Counts for fraud (Count #1), violations of the federal Truth in Lending Act (Count #2), fraudulent misrepresentation (Count #3), unjust enrichment (Count #4), common law conspiracy (Count #5), RICO (Count #6), quiet title (Count #7), usury laws (Count #8), and copyright infringement against GMAC, Wells Fargo, and Ocwen only (Count #9).

Taking all the allegations as true, plaintiff alleges that he purchased or built a home in approximately 2005, with a loan from Pinnacle, after Busey Bank provided the construction loan. Over the years, plaintiff paid $100,000 towards a $283,000 home that is now worth only $200,000. The State of Florida, "by" way of the

Lee County Clerk of Court, recorded the mortgage lien on the property. Defendants and non-defendants Pinnacle, Countrywide, Bank of America, then GMAC purchased and assumed the note at various times thereafter.

In November 2007, plaintiff filed a fraud action against GMAC and others in state court. In December 2007, Wells Fargo filed foreclosure proceedings in state court even though Countrywide owned the note and mortgage at the time, and until July 2008 when Bank of America purchased the debt of Countrywide. In March 2009, the State of Florida, "by and through" the state court, granted summary judgment in favor of Wells Fargo and GMAC in their state court action. The State of Florida, "by" way of the 20th Judicial Circuit Court, aided and abetted by granting summary judgment in favor of the financial institution defendants. The State of Florida refused to remove the liens on the property so plaintiff could not sell it. Plaintiff had to file for bankruptcy after summary judgment was granted in the foreclosure action.

In July 2009, GMAC force placed insurance upon plaintiff's property, overcharging him in the amount of $7,128.00, despite the fact that plaintiff was insured, and forcing plaintiff into default. Plaintiff also alleges that he was defrauded of $21,000 at the time of the original closing.

Plaintiff alleges that he was a victim of fraud by defendants and seeks to cancel the Note and Mortgage and to rescind the

residential mortgage transaction pursuant to TILA, RESPA, and Regulation Z.

### C. The 1st Amended Complaint

As a preliminary matter, the title of a pleading must name **all** parties.  Fed. R. Civ. P. 10(a).  As the caption of the now operative 1st Amended Complaint no longer names Bear-Stearns, Impac Funding, Pinnacle Financial, Countrywide Home Loans, or John or Jane Does 1-1000, the Court will consider these defendants dismissed.

#### 1. Rule 8 and 9

Plaintiff includes many nonessential allegations with regard to the national mortgage practices of the defendant financial institutions, including banks not named in the 1st Amended Complaint, without explaining how the allegations are relevant to plaintiff's specific case.[2]  Plaintiff also appears to have filed the 1st Amended Complaint as a result of a state court case (2007-CA-014942) wherein a Final Judgment of Foreclosure (Doc. #113-1) has now issued.  Plaintiff references the foreclosure action but does not specifically seek to have this Court intervene in those

---

[2] The Court is not considering the various "sovereign citizen" or "secured-party creditor" allegations.  See, e.g., United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011); Santiago v. Century 21/PHH Mortgage, 1:12-CV-02792-KOB, 2013 WL 1281776, *5 (N.D. Ala. Mar. 27, 2013) ("conspiracy and legal revisionist theories of "sovereign citizens" are not established law in this court or anywhere in this country's valid legal system.")

proceedings.  As a result, the Court need not address defendants' arguments with regard to abstention, the Rooker-Feldman[3] doctrine, or whether these claims should have been brought as compulsory counterclaims in the foreclosure action.  The Court finds that plaintiff has not provided a short, plain statement, pursuant to Federal Rule of Civil Procedure 8(a)(2), such that defendants would be on notice of the claims against them.

Plaintiff alleges several fraud or fraud related causes of action.  Under Federal Rule of Civil Procedure 9(b), plaintiff must present fraud-based allegations "with particularity".  Rule 9(b) is satisfied by identifying the specific statements, representations, or omissions; the time and place of such statement and the person responsible; the content of the statement and how it misled plaintiff; and what defendants obtained as a result of the fraud.  Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir. 1997).  The Court finds that the fraud allegations set forth in the 1st Amended Complaint are not stated with particularity as required by Fed. R. Civ. P. 9(b).

Consequently, the 1st Amended Complaint is due to be dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 9, and for the additional bases below.

---

[3] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

**2. Immunity**

The Court notes that the allegations against the State of Florida are all based on the actions taken by judicial officers or the Clerk of Court in their official capacity but attributed to the State of Florida. Plaintiff seeks damages against the State of Florida, however the State of Florida has not waived its sovereign immunity from suit for the alleged actions in this case. See Fla. Stat. § 768.28. Therefore, the State of Florida is due to be dismissed with prejudice on this basis.

To the extent damages are sought for the actions of Judge Carlin as set forth in the 1st Amended Complaint, such claims are also dismissed because a judicial officer is entitled to judicial immunity for decisions rendered in the foreclosure action as the presiding judge. Stump v. Sparkman, 435 U.S. 349, 357 (1978). To the extent that damages are sought for the actions taken by the Lee County Clerk in the exercise of its duties in filing and recording liens, such claims are also dismissed because the court clerk would be entitled to qualified immunity for the actions set forth in the 1st Amended Complaint. Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981)[4]; Hyland v. Kolhage, 267 F. App'x 836, 842 (11th Cir. 2008).

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**D. Specific Counts**

**1. TILA – Count #2**

In the October 1, 2013, Opinion and Order, the Court noted that the claim pursuant to the Truth and Lending Act (TILA) appeared to be time-barred. (Doc. #79, pp. 13-14.) In the 1st Amended Complaint, plaintiff alleges that defendants failed to include and disclose certain charges in the finance charges incident to the extension of credit to plaintiff.

The Eleventh Circuit summarized the applicable law as follows:

> The TILA requires creditors to provide consumers with "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights," including the right of rescission. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998). Further, the TILA provides that, when a loan made in a consumer credit transaction is secured by the consumer's principal dwelling, the consumer has the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or delivery of the material disclosure and rescission forms, whichever is later. 15 U.S.C. § 1635(a). If the creditor fails to deliver the forms, or fails to provide the required information, then the consumer's right of rescission extends for three years after the date of consummation of the transaction, or until the property is sold, whichever occurs first. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). Within 20 days after receipt of a notice of rescission, the creditor shall take any necessary action to reflect the termination of any security interest created by the transaction. 15 U.S.C. § 1635(b).

Velardo v. Fremont Inv. & Loan, 298 F. App'x 890, 892 (11th Cir. 2008). The Eleventh Circuit further noted that "all TILA claims must be brought 'within one year from the date of the occurrence of the violation.'" Id. at 892 (quoting 15 U.S.C. § 1640(e)). In this case, even if the Court considers any claims of fraudulent concealment, plaintiff was on notice at least by 2007 when he brought his own action for fraud in state court. Therefore, the Court finds that Count #2 is time-barred and the motions to dismiss will be granted as to this count with prejudice.

### 2. RICO – Count #6

In the October 1, 2013, Opinion and Order, the Court found that Count 16 failed to adequately allege a conspiracy under the federal Racketeer Influenced and Corrupt Organizations Act (RICO). (Doc. #79, p. 11.) In the 1st Amended Complaint, plaintiff alleges a conspiracy by defendants to perpetrate a fraud.

Section 1962(d) of the RICO Act makes it unlawful to conspire to violate any of the provisions under the other subsections, including (c). Under Section 1962(c) of the RICO Act, it is unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). A civil RICO conspiracy claim requires the commission of an overt

act in furtherance of the conspiracy. Beck v. Prupis, 162 F.3d 1090, 1098 (11th Cir. 1998) (citing Bivens Gardens Office Bldg., Inc. v. Barnett Bank of Fla., Inc., 906 F.2d 1546, 1550 n.7 (11th Cir. 1990)). "A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to commit two predicate acts." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1293 (11th Cir. 2010)(citations and quotation marks omitted).

In this case, plaintiff does not allege who the individual conspirators are, or their individual roles in the conspiracy, and plaintiff fails to allege the agreement or objective of the conspiracy. To the extent that the overt act that caused the injury is the alleged fraud by intentional nondisclosure, material misrepresentation, and the creation of fraudulent loan documents, see Doc. #81, ¶ 158, these allegations do not constitute the necessary predicate acts. The motions to dismiss will be granted as to this count.

### 3. Copyright Infringement – Count #9

Plaintiff alleges that GMAC, Wells Fargo, and Ocwen violated a common law copyright agreement by using his corporate name or title on loan documents without authorization. (Doc. #81, ¶¶ 188-192.) "In order to prove a claim of infringement a plaintiff must show (1) that he owns a valid copyright in the work and (2) copying

by the defendant." Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 824 (11th Cir. 1982). There are no allegations asserted to support that "PATRICK LORNE FARRELL©" is a valid and registered work, and therefore this claim fails.

Plaintiff cites to 17 U.S.C. § 511, however the State of Florida is not named in this count and therefore the subject of this statute, a state's immunity from suit, is not an issue. To the extent that plaintiff relies on his "sovereignty documentation" and an "affidavit", these documents and the "sovereign citizen" theory fail to support an infringement of any alleged copyright or to void the mortgage and note for this reason. See Santiago v. Century 21/PHH Mortgage, 1:12-CV-02792-KOB, 2013 WL 1281776, *5 (N.D. Ala. Mar. 27, 2013) ("The attempt to divide oneself into two separate entities, with only one being liable for incurring debts, is a legal fiction and has been struck down consistently in courts around the country.") Therefore, the motion to dismiss of the applicable parties will be granted as to this count.

**4. State Law Claims – Counts #1, #3, #4, #5, #7, #8**

Plaintiff also alleges various state claims, which are likely time-barred to the extent that they relate to the foreclosure proceedings in state court. The fraud based claims are otherwise subject to dismissal for failure to plead with the necessary particularity pursuant to Fed. R. Civ. P. 9(b) as stated above.

In Count #8, plaintiff alleges that the interest rate applied to the loan transaction from 2005 was in excess of the legal rate, and usurious under "Applicable Law". To the extent Count #8 is a claim that the interest rate exceeds the applicable rate under federal law, 12 U.S.C. § 85, the claim is also subject to dismissal. Plaintiff would have to allege that the rate is usurious in the state in which the financial institution is located however plaintiff fails to allege the rate applied or what the rate should have been.

The Court otherwise declines to exercise supplemental jurisdiction over the state law claims based on the dismissal of the claims over which the undersigned had original jurisdiction. 28 U.S.C. § 1367(c)(3). The Court also finds that plaintiff could not amend to correct the deficiencies in the 1st Amended Complaint such that leave to do so should be granted.

Accordingly, it is hereby

**ORDERED:**

1. Ocwen Loan Servicing, IMPAC Funding Corp., GMAC Mortgage, LLC and Wells Fargo Bank, N.A.'s Joint Motion to Dismiss (Doc. #84) is **DENIED** as moot in light of the amended filing.

2. Defendants Bank of America, N.A. and Countrywide Home Loans, Inc.'s Motion to Dismiss (Doc. #83) is **GRANTED.**

3. Ocwen Loan Servicing, IMPAC Funding Corp., GMAC Mortgage, LLC and Wells Fargo Bank, N.A.'s Amended Joint Motion to Dismiss (Doc. #85) is **GRANTED.**

4. The State of Florida's, Corrected Motion to Dismiss (Doc. #103) is **GRANTED.**

5. Plaintiff's Amended Complaint (Doc. #81) is **DISMISSED with prejudice** as to Counts 2 (TILA) and Count 9 (infringement), and without prejudice as to Count 6 (RICO).  The Court declines to maintain supplemental jurisdiction over the remaining counts pursuant to 28 U.S.C. § 1367(c)(3), which are dismissed without prejudice to the extent not otherwise statutorily barred.  The Clerk shall enter judgment accordingly, terminate all remaining motions and deadlines as moot, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___21st___ day of August, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Parties of Record